IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JONATHON L.,

                          Plaintiff,

          v.                                          Civil Action No.
                                                      8:20-CV-1280 (DEP)


COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF STEVEN R.                  GREGORY P. FAIR, ESQ.
DOLSON                                    STEVEN R. DOLSON, ESQ.
126 North Salina Street, Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.                    DANIEL STICE TARABELLI, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203



DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral

argument was conducted in connection with those motions on April 14,

2022, during a telephone conference held on the record. I issued a bench

decision on April 15, 2022, in which, after applying the requisite deferential

review standard, I found that the Commissioner's determination did not

result from the application of proper legal principles and is not supported

by substantial evidence, providing further detail regarding my reasoning

and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

reference, it is hereby

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

     3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

     4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:     May 9, 2022
           Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JONATHON L.,

                         Plaintiff,

vs.                              8:20-CV-1280

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------x

        Transcript of a **Decision** held during a

Telephone Conference on April 15, 2022, the

HONORABLE DAVID E. PEEBLES, United States Magistrate

Judge, Presiding.

                    A P P E A R A N C E S

                      (By Telephone)

For Plaintiff:        DOLSON LAW OFFICE
                      Attorneys at Law
                      126 N. Salina Street, Suite 3B
                      Syracuse, New York  13202
                        BY:  GREGORY P. FAIR, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of General Counsel
                      J.F.K. Federal Building
                      Room 625
                      Boston, Massachusetts  02203
                        BY:  DANIEL STICE TARABELLI, ESQ.


            *Jodi L. Hibbard, RPR, CSR, CRR*
          *Official United States Court Reporter*
                *100 South Clinton Street*
              *Syracuse, New York  13261-7367*
                    *(315) 234-8547*

1              (The Court and all counsel present by

2         telephone, 12:00 p.m.)

3         THE CLERK:  We're on the record in the case of

4    Jonathon L. versus Commissioner of Social Security, Case

5    Number 8:20-CV-1280.  Counsel, can you please state your

6    appearances for the record starting with plaintiff.

7         MR. FAIR:  Yep, good afternoon I think at this

8    point, Gregory Fair from the law offices of Steven Dolson on

9    behalf of the plaintiff.

10        MR. TARABELLI:  Good afternoon, your Honor, this is

11   Dan Tarabelli for the Commissioner.

12        THE COURT:  Good afternoon, Counsel.  Let me set

13   the stage by saying that I heard oral argument in this case

14   yesterday.  There were some matters raised during the

15   argument that I thought warranted me to take a close look at

16   the case and my initial impression.  Having done that, I'm

17   ready to render a decision in this case.

18        The plaintiff has commenced this action pursuant to

19   42 United States Code Section 405(g) to challenge an adverse

20   determination by the Acting Commissioner finding that he was

21   not disabled at the relevant times and therefore ineligible

22   for the benefits sought by him.

23        The background is as follows:  Plaintiff was born

24   in October of 1969 and is currently 53 years of age.  He was

25   49 years old on the alleged onset date of September 27, 2018.

1    Plaintiff is married and has a son 15 years of age and a
2    daughter 19 years of age.  Those ages are recorded as of
3    November 2019.  Plaintiff lives in Ogdensburg, New York with
4    his wife and children.  Plaintiff is 6 feet tall and weighs
5    approximately 330 pounds.  Plaintiff has an 11th grade
6    education and did secure a GED.  While in school he was in
7    regular classes.  Plaintiff is right-handed.  Plaintiff
8    worked primarily in two positions, or for two companies, I
9    should say.  Between January of 2006 and January 2008, he
10   worked as a maintenance worker and a cleaner for Walmart.
11   Between January 2008 and September 2018, he worked for
12   Loomis, initially as a messenger or courier, and later, in
13   the later years as a driver.  He last worked in
14   September 2018.  The evidence is somewhat equivocal as to
15   why.  It appears at pages 51, 334, and 366 that he lost his
16   position because of downsizing.  The administrative law judge
17   in the opinion stated that it was because he was not able to
18   meet the lifting requirements.  I didn't necessarily find any
19   reference to that in particular, and that would not make
20   sense because as a driver, he testified that he was not
21   required to lift.  That was at page 21, the ALJ's reference.
22   He did say that he is not able to perform the job due to his
23   conditions, that's at 202, and it appears that he was
24   assuming that he would have to transfer to another location
25   where he would be required to lift as a messenger or courier

4

1    in any event.  Plaintiff suffers -- and at page 48 he said

2    that the messenger position got to be too much, and at 51, he

3    stated that just driving would have required lifting at a

4    different branch.  So I guess we'll credit his statement that

5    it's due to his conditions that he lost his position.

6         Plaintiff physically suffers from degenerative disk

7    disease of the lumbar region, also has cervical issues, he

8    suffers from hypertension, obesity, tinnitus, psoriasis,

9    diabetes, and left leg issues.  In 1987, he underwent

10   essentially two surgeries that were a day or two apart.  One

11   was an L4-L5 laminectomy with multi-level rod and the second

12   was a multi-level rod fixation due to scoliosis.  He has had

13   one pain injection in his lower back but declined to take

14   more pain injections due to the cost.  Plaintiff has treated

15   with several sources including Dr. Aathirayen Thiagarajah one

16   time in December of 2018 for pain.  He has treated with

17   Dr. Brian Kerrigan since January 2013, treated with

18   Dr. Manasvi Jaitly from January 2017 until May of 2017.  He

19   treated briefly with SOS, Syracuse Orthopedics, in 2018, and

20   at various times with Claxton Hepburn Medical Center for pain

21   management and in their emergency department.

22        Plaintiff's activities of daily living include the

23   ability to shower, dress, and groom, prepare some meals, shop

24   occasionally, he has trouble with laundry and cleaning.  He

25   watches television.  Among the medications that have been

1   prescribed for the plaintiff are gabapentin, Duloxetine, and

2   Celebrex.

3          Procedurally, plaintiff applied for Title II

4   benefits on December 26, 2018 alleging an onset date of

5   September 27, 2018.  In his function report he claimed

6   disability based on lumbar spine impairment, cervical spine

7   impairment, left side numbness, balance impairment,

8   hypertension, and morbid obesity.  The hearing was conducted

9   by ALJ Jude Mulvey with a vocational expert on November 12,

10  2019.  ALJ Mulvey issued an unfavorable decision on

11  December 20, 2019.  That became a final determination of the

12  Commissioner on August 21, 2020 when the Social Security

13  Administration Appeals Council denied plaintiff's application

14  for review.  This action was commenced on October 16, 2020,

15  and is timely.

16         In her decision, ALJ Mulvey applied the familiar

17  five-step sequential test for determining disability.  She

18  first noted that plaintiff's last date of insured status will

19  be December 31, 2022.

20         At step one, she noted that plaintiff had not

21  engaged in substantial gainful activity since his alleged

22  onset date.

23         At step two, she concluded that plaintiff does

24  suffer from severe impairments that impose more than minimal

25  limitations on his ability to perform basic work functions,

6

1   including diastolic dysfunction, left ventricular

2   hypertrophy, degenerative disk disease of the lumbar spine,

3   hypertension, and obesity.

4          At step three, she concludes that plaintiff's

5   conditions do not meet or medically equal any of the listed

6   presumptively disabling conditions in the Commissioner's

7   regulations, specifically including Listings 1.04 and 4.04.

8   She also referenced Social Security Ruling 19-2p and

9   indicated that she had considered the impact of plaintiff's

10   obesity on his ability to perform work functions.  Surveying

11   the medical and other evidence, ALJ Mulvey next concluded

12   that notwithstanding his impairments, plaintiff retains the

13   residual functional capacity to perform light work except

14   that he can frequently reach, stoop, and squat.

15          Applying that RFC, the ALJ next determined at step

16   four, pursuant to the testimony of a vocational expert, that

17   plaintiff is unable to perform his past relevant work.

18          Proceeding to step five, ALJ Mulvey first noted

19   that if plaintiff could perform a full range of light work,

20   the Medical-Vocational Guidelines and the Commissioner's

21   regulations, or so-called Grids, would direct a finding of no

22   disability pursuant to Grid Rules 202.18 and 202.11.  Based

23   on the testimony of the vocational expert and considering the

24   additional limitations, exertional limitations set out in the

25   RFC, that would shrink the job base upon which the Grids are

1   predicated.  The ALJ concluded that there is available work

2   in the national economy that plaintiff is capable of

3   performing, citing as representative examples marker,

4   cafeteria attendant, and sales attendant.

5          As you know, the court's function in this case is

6   to determine whether correct legal principles were applied

7   and the resulting determination is supported by substantial

8   evidence, which is defined as such relevant evidence as a

9   reasonable mind would conclude sufficient to support a

10  conclusion.

11         The plaintiff's contentions in this matter center

12  upon the residual functional capacity finding, the argument

13  being that it's not supported and that the administrative law

14  judge improperly evaluated the medical opinions of record and

15  substituted her lay opinion for those medical opinions.  The

16  determination of disability requires in the first instance a

17  determination of a plaintiff's residual functional capacity

18  which represents finding of a range of tasks that the

19  plaintiff is capable of performing notwithstanding his

20  impairments.

21         Ordinarily, an RFC represents a claimant's maximum

22  ability to perform sustained work activities in an ordinary

23  setting on a regular and continuing basis, meaning eight

24  hours a day for five days a week or an equivalent schedule.

25  An RFC determination is informed by consideration of all of

1  the relevant medical and other evidence.  20 C.F.R. Section

2  404.1545(a), and *Tankisi v. Commissioner of Social Security*,

3  521 F.App'x 29 at 33, Second Circuit, 2013.  The RFC in this

4  case was already recited and contains just the limitation to

5  light work and frequent reaching, stooping, and squatting.

6        There are two medical opinions in the record that

7  speak to plaintiff's physical abilities.  Both were rejected

8  by the administrative law judge.  The analysis of medical

9  opinions in the record in this case is governed by the new

10 regulations that took effect for cases filed after March of

11 2017.  Under the new regulations, an ALJ does not defer or

12 give any specific evidentiary weight, including controlling

13 weight, to any medical opinions or prior administrative

14 medical findings, including those from the claimant's medical

15 sources.  Instead, the ALJ must consider relevant factors,

16 particularly supportability and consistency, when evaluating

17 medical opinions.  20 C.F.R. Section 404.1520c(a).  The ALJ

18 also may, but is not required, to explain how he or she

19 considered the other relevant factors as appropriate; those

20 factors being the source's relationship to the claimant,

21 including the length of the treatment relationship, the

22 frequency of examinations, the purpose of the treating

23 relationship, the extent of the treating relationship and

24 whether it was merely an examining relationship, the

25 specialization, if any, of the source, and other factors that

1    tend to support or contradict the opinion.

2              Speaking to the two primary factors, the

3    regulations define supportability as follows:  The more

4    relevant the objective medical evidence and supporting

5    explanations presented by a medical source are to support his

6    or her medical opinions or prior administrative medical

7    findings, the more persuasive the medical opinions or prior

8    administrative medical findings will be.

9              The regulations define consistency as follows:  The

10   more consistent a medical opinion or prior administrative

11   medical finding is with the evidence from other medical

12   sources and nonmedical sources in the claim, the more

13   persuasive the medical opinion or prior administrative

14   medical finding will be.

15             The first opinion that was spoken to in the ALJ's

16   decision is from Dr. Elke Lorensen.  It was rendered on

17   February 26, 2019 and included in the record at pages 366

18   through 369 with a couple attached exhibits.  In the opinion,

19   Dr. Lorensen's examination showed a limited lumbar range of

20   motion upon examination and Dr. Lorensen opined in her

21   medical source statement, no gross limitation sitting,

22   standing, walking, or handling small objects with the hands,

23   moderate limitations with bending, lifting, reaching, pushing

24   and pulling with the arms and squatting.  That's at page 369.

25             The administrative law judge addressed

1    Dr. Lorensen's opinion on page 22, found it persuasive to the

2    extent that it found no limitations in sitting, standing,

3    walking, and handling, and, however, found the moderate

4    limitations to be vague and do not assess what the claimant

5    can do despite his impairments.

6            The Commissioner concedes that it was error to

7    reject it strictly on the basis of vagueness but argues that

8    it was harmless error.  The other areas in which no

9    limitation was found is deficient because it doesn't discuss

10   supportability and consistency and point to specifics in the

11   record as required by the new regulations.  *Raymond M. v.*

12   *Commissioner of Social Security*, 2021 WL 706645 from the

13   Northern District of New York, 2021.

14           Here, there are excerpts cited in support of the

15   finding of persuasiveness of the no-limitation portion of

16   Dr. Lorensen's opinions, and those simply don't support the

17   finding.  3F at page 4, for example, that's page 301,

18   plaintiff appears uncomfortable, reports 10 out of 10 pain;

19   noting part of the hardware from the surgery has dislodged at

20   303; mild cervical tenderness, moderate lumbar back pain with

21   painful range of motion, 304.  4F at 8, or is it 3?  States

22   normal gait but moderate limited lumbar range of motion and

23   mild tenderness, 312.  4F at 17, moderate limitation of range

24   of motion, moderate tenderness, diminished leg sensation,

25   316.  5F at 4, reduced left hip range of motion, reduced

1    lumbar sensation, limited cervical spine range of motion with

2    tenderness, full lumbar range of motion but tenderness

3    present, 322.  7F at 7, antalgic gait and decreased range of

4    motion, that's at 335.  9F at 13, reduced range of motion,

5    cervical and lumbar, decreased left leg sensation, 368.  10F

6    at 11, increasing pain medications because previous dose is

7    not helping, 372.  10F at 5, reduced left hip range of

8    motion, full lumbar range of motion but tenderness and

9    limited cervical spine range of motion with tenderness, 376

10   to 377.  13F at 8, reduced left hip range of motion, reduced

11   left leg sensation, limited cervical spine range of motion,

12   full lumbar range of motion with tenderness, 396.  13F at 11,

13   same as the previous, that's at 399 to 400.  14F at 2, very

14   cursory physical examination but did note limited range of

15   motion in the back, 419.  4F at 5, decreased back range of

16   motion, that's at 422.

17            In sum, although the ALJ states that plaintiff has

18   normal lumbar range of motion on some exams, most of them in

19   fact show limited or decreased range of motion.  And the

20   general normal gait and strength notations ignore all of the

21   consistent positive findings in other aspects, range of

22   motion, sensation loss, hip range of motion issues.  The ALJ

23   discusses these in the overall summary but does not explain

24   how these findings are inconsistent with the opinions of

25   Dr. Lorensen and the state agency opinion.  So I do not find

1    that the finding of persuasiveness of Dr. Lorensen's opinion

2    regarding no limitations is adequately explained and

3    supported by substantial evidence.

4         The question is whether this error is harmless.

5    The residual functional capacity specifies frequent reaching.

6    According to the Dictionary of Occupational Titles, the three

7    jobs identified do specify frequent reaching.  The record is

8    equivocal as to whether, if the hypothetical on which the

9    vocational expert based his opinion is changed to occasional

10   reaching, the three jobs would still be available, at page 78

11   of the administrative transcript.  It looks like the

12   vocational expert is saying yes, but it's not sure.

13        In any event, ordinarily, I would say that the

14   error was harmless because a moderate limitation in reaching

15   is not inconsistent with light work.  *Monserrate B. v.*

16   *Commissioner of Social Security*, 2021 WL 2587249, from the

17   Western District of New York, it is dated June 24, 2021, and

18   *Carl D. v. Commissioner of Social Security*, 2019 WL 1115704

19   from the Northern District of New York, March 11th, 2019.

20        And I have to say that the second opinion that was

21   addressed by the administrative law judge comes from Dr. R.

22   Reynolds and it was affirmed, so to speak, by Dr. S.

23   Siddiqui.  Dr. Reynolds' opinion is rendered on March 27,

24   2019, appears at 83 to 93 of the administrative transcript.

25   Dr. Siddiqui on April 30, 2019 at page 100 of the

1    administrative transcript states, "I have reviewed all the

2    physical evidence in file and the physical assessment of

3    March 27, 2019 per Dr. R. Reynolds is affirmed as written."

4    In that RFC finding, Dr. Reynolds concludes that plaintiff is

5    only capable of lifting 10 pounds occasionally and frequently

6    less than 10 pounds, can sit for two hours, walk -- I'm

7    sorry, walk and stand for two hours and sit about six hours

8    in an eight-hour workday, only occasional stooping and only

9    occasional crouching.  That's an RFC -- it's an opinion that

10   is consistent more with sedentary work and not with light

11   work.

12           The question again is, is that supported by

13   substantial evidence, the finding that those two opinions are

14   not persuasive.  And for much the same reason, I don't find

15   it persuasive.  All the administrative law judge did was

16   reference normal gait and normal strength in bilateral lower

17   and upper extremities, several examinations have noted lumbar

18   spine range of motion normal, normal spine range of motion

19   and then cited the same excerpts that I already referenced,

20   also confusingly states, "Finally, the claimant has received

21   no ongoing treatment for his cardiac impairment and there's

22   no indication of complications such as end organ disease from

23   his hypertension."  As I indicated before, that is

24   inconsistent with the record for the reasons I've already

25   stated.

1          Again, the question is, is that harmless error?

2    The opinions of Dr. Reynolds and Dr. Siddiqui are consistent

3    with sedentary work.  The vocational expert did say that

4    there are jobs available in the national economy and cited

5    three that could be performed with a sedentary RFC at 76 to

6    78, and even with occasional reaching.  The VE also testified

7    if you were to change the hypothetical to occasional stooping

8    rather than frequent, there would be no impact on the jobs

9    identified.  That's at page 75.  However, as plaintiff's

10   counsel pointed out, the errors are not necessarily harmless

11   in that under the Medical-Vocational Guidelines, once the

12   plaintiff turned 50, he would, pursuant to the Grids, if he

13   were capable of performing only sedentary work, would be

14   deemed disabled and so he could potentially be entitled to at

15   least a partially favorable determination.

16          So for that reason, I do not find harmless error.

17   I do find error, and I am going to order that the

18   Commissioner's determination be vacated and the matter be

19   remanded for further consideration.  So I will grant judgment

20   on the pleadings to the plaintiff and make those

21   determinations.

22          Thank you both for excellent presentations

23   yesterday, and whatever holiday you may be celebrating this

24   weekend, I wish you a happy holiday.  Thank you.

25          MR. FAIR:  Thank you, your Honor.

1            MR. TARABELLI:  Thank you, your Honor.

2                (Proceedings Adjourned, 12:26 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  CERTIFICATE OF OFFICIAL REPORTER

2

3

4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5    Official Realtime Court Reporter, in and for the

6    United States District Court for the Northern

7    District of New York, DO HEREBY CERTIFY that

8    pursuant to Section 753, Title 28, United States

9    Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                    Dated this 15th day of April, 2022.

17

18

19                    /S/ JODI L. HIBBARD

20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547